THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MICHELLE M. SUVADA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 11-cv-7892 |
| | ) | |
| THE GORDON FLESCH | ) | |
| COMPANY, INC. | ) | Jury Demand |
| | ) | |
| Defendant. | ) | |
| | ) | |

## COMPLAINT

Plaintiff, MICHELLE M. SUVADA, by and through her attorneys, THE LAW OFFICE OF COLLEEN M. McLAUGHLIN, complains of Defendant, THE GORDON FLESCH COMPANY, INC. ("GFC") as follows:

## NATURE OF THE CASE

1. Count 1 of this Complaint is brought against Defendant GFC pursuant to the authority granted by the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101.

2. Count 2 of this Complaint is brought against Defendant GFC pursuant to the authority granted by the Illinois Human Rights Act, 775ILCS 5/101 *et seq.* ("IHRA") to bring a private cause of action in civil court for unlawful employment discrimination. 775 ILCS 5/7A-102 (F) (2) and 775 ILCS 5/7A-102 (G) (2).

3. Count 3 of this Complaint is brought against Defendant GFC for unlawful interference and breach of fiduciary duty violations of the Employee Retirement Income and Security Act ("ERISA"), Section 502, 29 U.S.C. § 1132 and Section 510, 29 U.S.C. § 1140.

## THE PARTIES AND JURISDICTION

4. Defendant GFC is a Wisconsin corporation, authorized to do business in Illinois. GFC is headquartered in Madison Wisconsin, its regional headquarters is in Geneva, Illinois and it has an office in Chicago, Illinois.

5. Plaintiff Michelle Suvada ("Plaintiff") was employed at Defendant GFC as a Production Clerk from June 15, 2009 through October 9, 2009. Plaintiff worked for GFC's On Site Services Division on location at Hewitt EnnisKnupp, Inc. ("EnnisKnupp") which is located in Chicago, Illinois.

6. Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12112. EEOC Charge No. 440-2010-00443. The EEOC's investigation resulted in a finding that "reasonable cause to believe that Respondent discriminated against Charging Party by denying her a reasonable accommodation and constructively discharging her because of her disability, in violation of the ADA" existed. Exhibit A. The EEOC issued its Notice of Right to Sue on August 8, 2011. Exhibit B.

7. This action is filed within 90 days of the Plaintiff's receipt of the EEOC's Notice of Right to Sue. Jurisdiction for Count 1 is proper in the district court for the Northern District of Illinois.

8. Plaintiff's charge of discrimination with the EEOC was automatically cross-filed with the Illinois Department of Human Rights ("IDHR"). The EEOC closed its file and issued its Right to Sue on August 8, 2011. This action is filed within 90 days of the issuance of the right to sue by the EEOC and more than 365 days after the cross-filing of the charge with the IDHR. Count 2 is brought pursuant to the authority granted by the IHRA, 775 ILCS 5/7A-102(G)(2).

9. This Court has jurisdiction over the claims in Counts 1 and 3 under the 28 U.S.C §1331 as Plaintiff's claims under the ADA and ERISA are based on federal statutes.

10. In addition, this court has Supplemental Jurisdiction over the Illinois Human Rights Act claim in Count 2 pursuant to 28 U.S.C. § 1367 as this is a non-federal claim arising from a common nucleus of operative facts such that a plaintiff would ordinarily be expected to try them in one judicial proceeding.

11. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b) and sec. 1391(c) because the acts and omissions giving rise to the cause of action have arisen and occurred in the Northern District of Illinois.

## FACTS COMMON TO ALL COUNTS

12. On June 15, 2009, Plaintiff commenced her employment as a temporary employee with GFC and was assigned as an on-site Production Clerk for EnnisKnupp.

13. Plaintiff was hired as a full-time, permanent employee by GFC on July 20, 2009. She remained assigned to EnnisKnupp throughout her employment.

14. Throughout her employment, Plaintiff performed her duties at or above the legitimate business expectations of her employer

15. Defendant GFC has a wage continuation plan for Short Term and Long Term Disability (policy 374822).

16. As a full-time, permanent employee, Plaintiff was entitled to certain employee benefits, including but not limited to, medical insurance and short term and/or long-term disability coverage.

17. On September 11, 2009, Plaintiff went to the emergency room with severe abdominal pain at approximately 1:45 am and did not make it into work that day. She called her off-site GFC supervisor, Vicky Slouka ("Slouka"), at approximately 6 a.m. that morning to report her absence.

18. Between September 11, 2009 and October 8, 2009, Plaintiff had several doctor appointments and medical tests in an effort to diagnose her medical condition. Plaintiff made her supervisors aware of these appointments but continued to work her regular schedule during this time.

19. On the morning of October 8, 2009, Plaintiff was diagnosed with cervical cancer.

20. Plaintiff reported to work on October 8, 2009, after receiving her cancer diagnosis. Neither her on-site supervisor at EnnisKnupp nor her GFC supervisor, Slouka, was at work that day. Plaintiff advised her co-worker, Pierre Hill, of her diagnosis. Hill emailed both the on-site supervisor and Slouka at GFC and advised them that Plaintiff had been diagnosed with cancer. Pierre allowed Plaintiff to leave work early that day.

21. The following day, Plaintiff reported to work at her regularly scheduled time of 1 p.m.

22. Approximately one-half hour after arriving to work, Slouka called Plaintiff by phone.

23. During this conversation, Plaintiff advised Slouka of her diagnosis and that she would need to take time off for medical appointments. Plaintiff asked if there were any other positions within GFC that she could move to because she thought she may not be able to do some of the heavier work during her treatment and she would require some time off. Slouka instantaneously advised that there were no other positions and that Plaintiff would need to keep to her current schedule. Plaintiff asked Slouka what options she had. Slouka advised Plaintiff that her performance was not up to standards anyway and if she could not work her current position she should resign. Slouka required an immediate response because she would need to fill Plaintiff's position right away.

24. Believing that she had no other choice in the matter, Plaintiff resigned.

25. On information and belief, under Defendant GFC's disability plans, prior to Plaintiff's termination on October 9, 2009, Plaintiff was eligible for both short-term and long-term disability benefits for a non-work-related sickness or injury.

## COUNT 1
## Employment Discrimination
## in violation of the ADA

26. Plaintiff re-alleges and restates paragraphs 1-25 as if fully set forth herein.

27. Plaintiff is an "employee" as defined by the ADA. 42 U.S.C. §12111(4).

28. Defendant, GFC, is an "employer" as defined by the ADA. 42 U.S.C. §12111(5).

29. The actions described above in paragraphs 1-25 constitute "Discrimination" against Plaintiff within the meaning of the ADA. 42 U.S.C. §12112.

30. At all relevant times, Plaintiff was in need of an accommodation within the meaning of the ADA.

31. On information and belief, Defendant GFC had multiple positions available for Plaintiff that would have been able to accommodate Plaintiff's medical treatment schedule.

32. On or about October 9, 2009, Defendant discriminated against Plaintiff based on her disability, when it failed to consider her request for accommodation and engage in the interactive process.

33. On or about October 9, 2009, Defendant discriminated against Plaintiff based on her disability, when it failed to accommodate her request for time off for medical treatments or to transfer her to another position within the company.

34. On or about October 9, 2009, Defendant discriminated against Plaintiff based on her disability, when it failed to provide her the Short Term Disability coverage to which she was entitled.

35. On or about October 9, 2009, Defendant discriminated against Plaintiff based on her disability, when it constructively discharged her from employment.

36. The actions of Defendant were intentional, willful, and malicious and/or in deliberate indifference for Plaintiff's rights

37. The actions of the Defendant against Plaintiff have caused her great mental anguish, emotional pain and suffering, inconvenience, lost wages and benefits, future pecuniary losses, and other damages.

**WHEREFORE**, Plaintiff, Michelle Suvada, respectfully prays that this Court enter an order granting Plaintiff the following relief:

   a. Reinstatement

   b. Back-pay;

   c. Actual damages incurred as a result of the discrimination;

   d. Punitive damages;

   e. Pre Judgment interest;

   f. Post Judgment interest;

   g. Litigation costs;

   h. Reasonable attorney's fees; and

   i. Such other and further relief as may be just in law and in equity.

## COUNT 2
## Illinois Human Rights Act

38. Plaintiff re-alleges and restates paragraphs 1-25 as if fully set forth herein.

39. Plaintiff is an "Aggrieved Party" as defined by the IHRA. 775 ILCS 5/1 -103 (B).

40. Plaintiff is an "employee" as defined by the IHRA. 775 ILCS 5/2 -101 (A)(1)(a).

41. Defendant, GFC, is an "employer" as defined by the IHRA. 775 ILCS 5/2 -101 (B)(1)(a).

42. The actions described above in paragraph 1-25 constitute "Unlawful Discrimination" against Plaintiff within the meaning of the IHRA. 775 ILCS 5/1-103 (Q).

43. At all relevant times, Plaintiff was in need of an accommodation within the meaning of the IHRA. 775 ILCS 5/1 -103 (I).

44. On information and belief, Defendant GFC had multiple positions available for Plaintiff that would have been able to accommodate Plaintiff's medical treatment schedule.

45. On or about October 9, 2009, Defendant discriminated against Plaintiff based on her disability, when it failed to consider her request for accommodation and engage in the interactive process.

46. On or about October 9, 2009, Defendant discriminated against Plaintiff based on her disability, when it failed to accommodate her request for time off for medical treatments or to transfer her to another position within the company.

47. On or about October 9, 2009, Defendant discriminated against Plaintiff based on her disability, when it failed to provide her the Short Term Disability coverage to which she was entitled.

48. On or about October 9, 2009, Defendant discriminated against Plaintiff based on her disability, when it constructively discharged her from employment.

49. The actions of Defendant were intentional, willful, and malicious and/or in deliberate indifference for Plaintiff's rights

50. The actions of the Defendant against Plaintiff have caused her great mental anguish, emotional pain and suffering, inconvenience, lost wages and benefits, future pecuniary losses, and other damages.

**WHEREFORE**, Plaintiff, Michelle Suvada, respectfully prays that this Court enter an order granting Plaintiff the following relief:

a. Reinstatement

b. Back-pay;

    c. Actual damages incurred as a result of the discrimination;

    d. Punitive damages;

    e. Pre Judgment interest;

    f. Post Judgment interest;

    g. Litigation costs;

    h. Reasonable attorney's fees; and

    i. Such other and further relief as may be just in law and in equity.

## COUNT 3
### Welfare Benefit – ERISA
#### (Pled in the alternative)

51. Plaintiff re-alleges and restates paragraphs 1-25, as if fully set forth herein.

52. Defendant GFC has a wage-continuation program for the benefit of its employees, including but not limited to Plaintiff, who have a short-term or long-term non-work related disability (the "disability plans").

53. The disability plans are policies that were established and/or maintained by the Defendant GFC.

54. On information and belief, Defendant conducts administrative responsibilities related to the disability plans, determines eligibility, calculates benefit levels, and monitors funding for benefit payments to employees.

55. Defendant GFC's disability plans are "Welfare Plans" as contemplated by ERISA 29 U.S.C. 1002 (3)(1) and (3)(2)(A), 29 U.S.C. 1002(1) and 1002 (2)(A).

56. On information and belief, Defendant GFC is a "fiduciary "as defined by ERISA sec. 3(21).

57. Plaintiff is an "employee" "beneficiary" and "participant" as defined by ERISA, 29 USCA 1002(6) (7) and (8).

58. Plaintiff began chemo and radiation treatments in November 2009.

59. Plaintiff resumed work on a full-time basis on January 24, 2010.

60. On information and belief, Plaintiff was able to resume work prior to the expiration of any short-term disability benefits to which she was entitled through her employment with GFC.

61. By advising Plaintiff to resign and not informing her of her option to take short-term disability, GFC was able to terminate Plaintiff's employment without having to pay Plaintiff the benefits to which Plaintiff would have otherwise been entitled under the disability plans.

62. Defendant, GFC, terminated Plaintiff in order to avoid providing her benefits under its disability plans in violation of ERISA sec. 510.

63. By denying Plaintiff her eligibility and ability to participate in the disability plans Defendant has breached its fiduciary duty to Plaintiff.

64. On information and belief, Defendant's Disability Plans provide no remedy for employees such as Plaintiff who claim they have been discharged in order to deny them the opportunity to obtain benefits under that plan.

65. On information and belief, an attempt to appeal a denial of full retirement benefits due to a wrongful discharge in violation of ERISA would have been futile.

**WHEREFORE,** Plaintiff, Michelle Suvada, respectfully prays that this Court enter an order granting Plaintiff the following relief:

a. Accrued liability due to plaintiff under the terms of the short-term disability plan;

    b. Pre Judgment interest;

    c. Post Judgment interest;

    d. Litigation costs;

    e. Reasonable attorney's fees; and

    f. Such other and further relief as may be just in law and in equity.

PLAINTIFF DEMANDS TRIAL BY JURY.

                                      Respectfully Submitted,

                                      s/Colleen McLaughlin
                                      Colleen M. McLaughlin
                                      One of Plaintiff's attorneys

Colleen M. McLaughlin
Elissa J. Hobfoll
Law Offices of Colleen M. McLaughlin
1751 S. Naperville Rd. Ste 209
Wheaton, IL 60189
O (630) 221-0305
F (630) 221-0706
colleen@cmmclaw.com
elissa@cmmclaw.com